UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| Dongguan Zhaorui Industrial Technology Co., Ltd.<br>Shenzhen Kuerduo Technology Co., Ltd.;<br>Yiwu Kubo Import & Export Co., Ltd.;<br>Yiwu Mengye Import & Export Co., Ltd.;<br>Yiwu Shanyao Import & Export Co., Ltd.;<br>Yiwu Yaoqiang Hardware Products Co., Ltd.,<br><br>*Plaintiffs*,<br><br>v.<br><br>Uriah Products, LLC<br><br>*Defendant*. | CASE NO.<br><br>**Jury Demand** |

**COMPLAINT**

Plaintiffs Dongguan Zhaorui Industrial Technology Co., Ltd.; Shenzhen Kuerduo Technology Co., Ltd.; Yiwu Kubo Import & Export Co., Ltd.; Yiwu Mengye Import & Export Co., Ltd.; Yiwu Shanyao Import & Export Co., Ltd.; and Yiwu Yaoqiang Hardware Products Co., Ltd. (collectively, "Plaintiffs"), by and through their undersigned counsel, file this Complaint against Defendant Uriah Products, LLC ("Defendant"), seeking a declaratory judgment of patent non-infringement. Plaintiffs state as follows:

**INTRODUCTION**

1. Plaintiffs bring this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the Patent Act, 35 U.S.C. § 100 et seq., seeking a declaration that their products do not infringe Defendant's patent, U.S. Patent No. 10,857,846 ("the '846 Patent"). **Exhibit A**.

2. Defendant has alleged that Plaintiffs' products infringe the '846 Patent and has

1

taken actions that threaten Plaintiffs' ability to sell their products in the U.S. marketplace, particularly on Amazon.com.

3. Defendant, through its authorized representative, filed complaints with Amazon.com alleging that Plaintiffs' products infringe the '846 Patent, resulting in the removal of multiple ASINs from the marketplace. The complaints were filed under Complaint IDs: 17219197441 and 17219523401 by Aluma-Tow, whose contact information is david@gulbransenlaw.com.

4. The affected ASINs for each Plaintiff are as follows:

    (1)    Dongguan Zhaorui Industrial Technology Co., Ltd

        a.    Complaint ID: 17350850971

        b.    Affected ASIN: B0D1BFC9BC, B0D1BGQD3W, B0DCYD11YY, B0DCY82QMZ.

    (2)    Shenzhen Kuerduo Technology Co., Ltd.:

        a.    Complaint ID: 17219523401

        b.    Affected ASIN: B0DSBTZ322

        a.    Complaint ID: 17219197441

        c.    Affected ASIN: B0DGWWGMQR,

    (3)    Yiwu Kubo Import & Export Co., Ltd.:

        a.    Complaint ID: 17219197441

        b.    Affected ASINs: B0DPKZBHGS, B0DPL48N8X

    (4)    Yiwu Mengye Import & Export Co., Ltd.:

        a.    Complaint ID: 17219197441

        b.    Affected ASINs: B0DK3K58KF, B0DK3HWV9R, B0DK3KF6PZ,

B0DK3NRBLG

    (5)    Yiwu Shanyao Import & Export Co., Ltd.:

        a.    Complaint ID: 17219197441

        b.    Affected ASINs: B0DK1S8BZD, B0DK1Q3X6S, B0DF7NYG77, B0DK1VQVR3, B0DF7LYY2M, B0DF7PXK3C, B0DF7M3X29, B0DK1RF6GT

    (6)    Yiwu Yaoqiang Hardware Products Co., Ltd.:

        a.    Complaint ID: 17219197441

        b.    Affected ASINs: B0DGGF48DM, B0DFPN7N53 **Exhibit B**.

5.    As a result of Defendant's complaints, Amazon has removed Plaintiffs' product listings, causing significant harm to Plaintiffs' businesses, including loss of revenue, customer relationships, and business reputation

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201, as it arises under the patent laws of the United States.

7.    Defendant is subject to personal jurisdiction in this district because it conducts business in Missouri, including within this judicial district, and has purposefully directed its activities toward Missouri-based businesses and consumers.

8.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) because Defendant resides in this district and has committed acts giving rise to this dispute in this judicial district.

## PARTIES

9.    Dongguan Zhaorui Industrial Technology Co., Ltd. is a company registered and existing under the laws of China, with its principal place of business at Room 201, No. 16 Xinan

3

Maiyuan Road, Chang'an Town, Dongguan City, Guangdong Province, 523880, China.

10. Shenzhen Kuerduo Technology Co., Ltd. is a company registered and existing under the laws of China with its principal place of business at B207, Building 45, Zone 32, Xinan Third Road, Xinan Street, Bao'an District, Shenzhen, Guangdong Province, China.

11. Yiwu Kubo Import & Export Co., Ltd. is a company registered and existing under the laws of China with its principal place of business at 17 Unit, Xuzhai Village, Jiangdong Street, Yiwu City, Zhejiang Province, 322000, China.

12. Yiwu Mengye Import & Export Co., Ltd. is a company registered and existing under the laws of China with its principal place of business at Building 16, Unit 1, Leyuan West District, Qiyi Village, Chengxi Street, Yiwu City, Zhejiang, 322000, China.

13. Yiwu Shanyao Import & Export Co., Ltd. is a company registered and existing under the laws of China with its principal place of business at Room 1916, Chouzhou Building, No. F8, Xinke Road, Choujiang Street, Jinhua City, Zhejiang, 322000, China.

14. Yiwu Yaoqiang Hardware Products Co., Ltd. is a company registered and existing under the laws of China with its principal place of business at No. 180, Lower Jin Village, Choujiang Street, Jinhua City, Zhejiang, 322000, China.

15. Defendant Uriah Products, LLC is a limited liability company organized and existing under the laws of Missouri, with its principal place of business at 2835 E Jean St, Springfield, MO 65803.

## FACTUAL BACKGROUND

16. Defendant is the assignee and owner of the '846 Patent, which purports to cover certain hardware-related designs, specifically an adjustable trailer hitch assembly.

17. Defendant has asserted claims of patent infringement against Plaintiffs, alleging

that their products unlawfully infringe upon the '846 Patent. Based on these allegations, Defendant submitted complaints to Amazon.com under Complaint IDs 17219197441 and 17219523401, claiming that Plaintiffs' products violate Defendant's patent rights.

18. As a direct result of Defendant's complaints, Amazon removed Plaintiffs' product listings from its marketplace, preventing Plaintiffs from selling their products to U.S. customers. The affected ASINs, categorized under each Plaintiff, are listed in Paragraph 4 of this Complaint.

19. Plaintiffs maintain that their products do not infringe any valid claim of the '846 Patent. Plaintiffs' trailer hitch designs lack critical elements required by the claims of the '846 Patent, including but not limited to differences in hitch mounting structures, the absence of slotted mortise hole configurations, and alternative locking mechanisms that do not rely on the pin-receiving holes described in the patent.

20. Defendant's actions have directly harmed Plaintiffs' businesses by causing financial loss due to the removal of their listings, loss of sales opportunities, and reputational damage among their customer base. Plaintiffs have suffered substantial monetary losses from the forced discontinuation of sales, disruption in supply chain operations, and additional costs incurred in attempting to reinstate their listings.

21. Plaintiffs bring this action to establish that their products do not infringe Defendant's patent and to prevent further harm to their businesses by securing a declaration of non-infringement. Plaintiffs also seek relief to prevent Defendant from making further baseless complaints to Amazon or other platforms that disrupt Plaintiffs' lawful sales activities.

**COUNT I**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '846 PATENT)**

22. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

23. Dongguan Zhaorui Industrial Technology Co., Ltd. (Soki&Koer)

(1) The hitch-ball mounting block in Dongguan Zhaorui's product does not feature in-turned flanges on the arms, which are required by the '846 Patent to define a slotted mortise hole.

(2) The hitch balls in Dongguan Zhaorui's product are permanently affixed to the mounting block, eliminating the need for a pin-receiving hole or a vertical through hole as described in the '846 Patent.

(3) The hitch assembly's mounting block does not contain a rear wall defining a slotted mortise hole, making its structural design fundamentally different from that claimed in the '846 Patent.



24. Shenzhen Kuerduo Technology Co., Ltd. (OCTORA Adjustable Trailer Hitch):

(1) The rear wall of the OCTORA mounting block lacks any pin-receiving hole or through hole, making it structurally different from the patented design.

(2) The hitch balls are secured using a lock washer, an alternative method not described in the '846 Patent.



25. .Yiwu Kubo Import & Export Co., Ltd. (ANTBAY Adjustable Trailer Hitch):

(1) The ANTBAY hitch does not include a rear wall with a pin-receiving hole as required by Claim 1 of the '846 Patent.

(2) The hitch balls are secured using a locking washer mechanism, rather than the pin-based securing method described in the '846 Patent.



26. Yiwu Mengye Import & Export Co., Ltd. (CAMPX Adjustable Trailer Hitch):

(1) The CAMPX hitch lacks the slotted mortise hole that conforms to the design claimed in the '846 Patent.

(2) The structure and attachment of the hitch ball differ significantly, ensuring that it does not meet all limitations of Claim 1.

7



27. Yiwu Shanyao Import & Export Co., Ltd. (TOPBEE Adjustable Trailer Hitch):

(1) The TOPBEE hitch does not have in-turned flanges forming a slotted mortise as required by the '846 Patent.

(2) The hitch balls are not secured using pin-receiving holes but rather a circumferential fastening mechanism.



28. Yiwu Yaoqiang Hardware Products Co., Ltd. (VOMAVEX Adjustable Trailer Hitch):

(1) The VOMAVEX mounting block lacks a pin-receiving hole and countersunk recesses as specified in the '846 Patent.

(2) The hitch ball securing method does not rely on the pin-based structure but instead employs compression fittings.

8



29. Due to these substantial structural and functional differences, none of the Plaintiffs' products meet all limitations of Claim 1 of the '846 Patent, either literally or under the doctrine of equivalents.

30. Plaintiffs seek a declaratory judgment that their products do not infringe the '846 Patent and that Defendant's allegations of infringement are unfounded

## COUNT II
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '551 PATENT)

31. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

32. The '846 Patent is invalid under 35 U.S.C. §§ 102 and 103 as it fails to meet the statutory requirements of novelty and non-obviousness.

33. The claims of the '846 Patent are anticipated and/or rendered obvious by prior art references, including but not limited to:

(1) U.S. Patent No. 9,457,631 (Tractor, 2016) – Multi-use adjustable trailer hitch. **Exhibit C**.

(2) U.S. Patent No. 7,222,510 (Andersen, 2007) – Systems and methods for manufacturing a drop bar. **Exhibit D**.

(3) U.S. Patent No. 8,376,387 (Columbia, 2013) – Multi-function anti-

9

Case 6:25-cv-03053-MDH     Document 1     Filed 03/11/25     Page 9 of 14

rotational/anti-theft hitch ball assembly.

(4) U.S. Patent No. 10,166,827 (John R, 2019) – Multi-function hitch accessory retaining device and method. **Exhibit E.**

(5) U.S. Patent No. 4,577,884 (Harris, 1986) – Trailer hitch. **Exhibit F.**

34. Invalidity under 35 U.S.C. § 102 (Anticipation):

(1) At least one or more claims of the '846 Patent are anticipated by prior art references, including Tractor, Andersen, Columbia, and John R, which disclose every element of the asserted claims.

35. Invalidity under 35 U.S.C. § 103 (Obviousness):

(1) The combination of prior art references teaches or suggests every limitation of the '846 Patent, rendering its claims obvious to a person having ordinary skill in the art.

(2) Claims 1-4, 9-10, and 16 are rendered obvious over the combination of Tractor, Andersen, and Columbia.

(3) Claims 5 and 11 are rendered obvious over Tractor, Andersen, Columbia, and John R.

(4) Claims 6-8, 12-15 are rendered obvious over Tractor, Andersen, Columbia, John R, and Harris

36. Specific Invalidity Contentions:

(1) The '846 Patent claims an adjustable hitch assembly with a slotted mortise hole, a rear wall with a pin-receiving hole, and a vertically-adjustable hitch-ball mounting block.

(2) The prior art references disclose identical or functionally equivalent structures that achieve the same purpose, demonstrating a lack of novelty and inventive step.

10

Case 6:25-cv-03053-MDH     Document 1     Filed 03/11/25     Page 10 of 14

(3) Tractor and Andersen describe adjustable yoke assemblies with mounting mechanisms that anticipate or render obvious the claimed hitch-ball mounting system.

(4) Columbia teaches a pin-receiving structure similar to the '846 Patent, demonstrating that the method of securing a hitch ball using a pin was well known in the art.

(5) Harris describes a countersunk recess in a hitch assembly, further proving that the design choices claimed in the '846 Patent were routine and predictable.

37. Plaintiffs seek a declaratory judgment that the '846 Patent is invalid and unenforceable against Plaintiffs due to anticipation and obviousness under 35 U.S.C. §§ 102 and 103.

## COUNT III
**(Tortious Interference with Contractual Relations)**

38. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

39. Plaintiffs have valid and existing contracts with Amazon, allowing them to sell their products through Amazon.com.

40. Defendant had actual knowledge of Plaintiffs' contractual relationships with Amazon.

41. Defendant intentionally and unjustifiably interfered with these contractual relationships by asserting materially false allegations of patent infringement against Plaintiffs, which led to the removal of Plaintiffs' product listings from Amazon.

42. As a direct and proximate result of Defendant's interference, Amazon removed Plaintiffs' listings, preventing them from fulfilling their contractual obligations and causing economic harm.

43. Plaintiffs have suffered substantial damages, including lost sales, reputational harm, and additional business costs associated with mitigating the effects of the wrongful removal of their listings.

44. Defendant's conduct was willful, wanton, and malicious, warranting an award of punitive damages to deter similar conduct in the future.

## COUNT IV
### (Tortious Interference with Prospective Economic Advantage)

45. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

46. Plaintiffs had a reasonable expectation of continued sales and business relationships with Amazon customers through their existing product listings.

47. Defendant had full knowledge of Plaintiffs' ongoing business relationships and prospective future sales through Amazon.

48. Defendant intentionally and knowingly made fraudulent assertions of patent infringement, which led to Amazon delisting Plaintiffs' products, thereby disrupting Plaintiffs' business expectations.

49. Defendant's actions directly harmed Plaintiffs by eliminating future sales opportunities, reducing their ability to compete in the marketplace, and damaging their reputation.

50. Defendant had no privilege or legal justification for interfering with Plaintiffs' prospective business relationships.

51. As a result of Defendant's wrongful conduct, Plaintiffs suffered and continue to suffer financial losses, including lost sales, additional business costs, damage to brand reputation, and a negative impact on product rankings and visibility in Amazon's marketplace.

52. The economic harm caused by Defendant's malicious interference is severe, ongoing, and irreparable, justifying equitable relief and monetary damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Plaintiffs' products do not infringe any claim of the '846 Patent;

B. Declaring that the claims of the '846 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103, and/or 112 in light of the cited prior art;

C. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against Plaintiffs based on the '846 Patent, and to refrain from lodging any further infringement complaints regarding the same;

D. A finding that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C. § 285 and applicable Missouri law;

E. Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

F. Awarding Plaintiffs compensatory, general, special, consequential, and incidental damages in an amount to be determined at trial;

G. Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages;

H. Awarding pre- and post-judgment interest;

I. Awarding Plaintiffs such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

                          **AVEK IP, LLC**

                          */s/Joseph L. Johnson*
                          Joseph L. Johnson   MO Bar #45456
                          2135 East Independence Ave. #1077
                          Springfield, Missouri 65804
                          Office: 913-955-3888
                          jjohnson@avekip.com
                          ATTORNEY FOR PLAINTIFFS

(*PENDING ADMISSION PRO HAC VICE):*

| Date: March 11, 2025 | /s/ Ruoting Men |
|---|---|
| | Ruoting Men, Esq |
| | GLACIER LAW LLP |
| | 41 Madison Avenue, Suite 2529 |
| | New York, NY 10010 |
| | Ruoting.men@glacier.law |
| | |
| | ***Attorney for Plaintiff*** |

14